UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:0?-cr-82-T-23EAJ

EDWARD JONES

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, Edward Jones, and the attorney for the defendant, Frank W. Zaremba, mutually agree as follows:

1. Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, and Two of the Information. Count One charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). Count Two charges the defendant with attempting to entice or coerce a minor to engage in sexual relations in violation of 18 U.S.C. § 2422(b).

2. Minimum and Maximum Penalties

Count One carries a maximum term of imprisonment of 10 years, a fine of $250,000, and a 3 year term of supervised release. Count Two carries a minimum mandatory term of imprisonment of five years up to a maximum of thirty years, a fine of

Defendant's Initials ___  AF Approval ___

$250,000. and a five year term of supervised release. Each count also carries a special assessment of $100.00, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One for Possession of Child Pornography are:

First: That the defendant knowingly possessed an item or items of child pornography, as charged;

Second: That such items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer, as charged; and

Third: That at the time of such possession the defendant believed that such items constituted or contained child pornography, that is a visual depiction of a minor engaged in sexually explicit conduct.

The elements of Count Two for Coercion and Enticement of a Child for Sex are:

First: That the defendant knowingly used a computer as alleged in information to attempt to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity, as charged;

Second: That the defendant believed that such individual was less than eighteen (18) years of age;

Third: That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of Florida; and

Defendant's Initials _____    2

Fourth: That the defendant acted knowingly and willfully.

The defendant agrees that under United States v. Murrell, 368 F.3d 1283(11th Cir. 2004), that the attempted solicitation of a parent of a minor, to have sex with the minor, constitutes a violation of 18 U.S.C. § 2422 (b).

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the defendant's possession or distribution of child pornography.

6. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____   3

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of real and/or personal property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty to. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property, and real estate. The assets to be forfeited specifically include, but are not limited to, the following:

(A) Two VHS video cassettes (no labels)

Defendant's Initials _____                4

(B) One Gateway 6 G300 personal computer (serial #0011152018)

(C) 56 page child erotica/pornography

(D) One HP Pavillion 7955 personal computer (with one 3.5" floppy and power cord)

(E) 27 - 3.5" floppy discs

(F) 14 - CD Roms

The defendant further agrees to fully assist the government in the recovery and return to the United States any assets or portions thereof as described above wherever located. The defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. The defendant agrees and consents to the forfeiture of assets pursuant to any federal criminal, civil, and/or administrative forfeiture action brought to forfeit these properties. Defendant agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. The defendant hereby waives any double jeopardy challenges that the defendant may have as to any forfeiture actions arising out of the course of conduct that provides the factual basis for the Information in this case. The defendant hereby waives any double jeopardy challenges that the

Defendant's Initials _____            5

defendant may have to the charges in this Information based upon any forfeiture actions. The defendant hereby waives any constitutional claims that the defendant may have that the forfeiture of the aforementioned assets constitutes an excessive fine.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

8. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in Title18, United States Code, Section 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to Title18, United States Code, Sections 2253 or

Defendant's Initials _____     6

2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

(A) Two VHS video cassettes (no labels)

(B) One Gateway 6 G300 personal computer (serial #0011152018)

(C) 56 page child erotica/pornography

(D) One HP Pavillion 7955 personal computer (with one 3.5" floppy and power cord)

(E) 27 - 3.5" floppy discs

(F) 14 - CD Roms

Defendant's Initials _____    7

B.  **Standard Terms and Conditions**

   1.   Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

   2.   Supervised Release

   The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____     8

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Guidelines and Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _____     9

the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's case and any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Court, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____  10

5. <u>Appeal of Sentence; Waiver</u>

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____ 11

7.  Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.  Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in

Defendant's Initials _____   12

the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

Beginning in February 2003, agents of the Federal Bureau of Investigation began communicating in an undercover capacity, via an online computer service, electronic mail (e-mail), and telephone with an individual using the Yahoo! online screen name "stpete_male" who was later identified as the defendant Edward Jones, who resided in St. Petersburg, Florida.

Between February 2003 and January, 28, 2004, the defendant had contact, through chat rooms and email, with various online undercover agents who posed as young women with minor children. The defendant repeatedly asserted in various communications how he wanted to meet the women and their young children, and have sexual relations with the children. In his communications, the defendant described in detail what type of sexual activity he wanted to have with the minor children and how he

Defendant's Initials _____ 13

would go about seducing the children. Specifically, the defendant told one undercover agent posing as a 24 year old mother of a two year old daughter, that he wanted to meet and perform oral sex and digitally penetrate the two year old child. In discussions with another undercover agent who posed as a mother with a two year old and a seven year old daughter, the defendant described in detail how he wanted to have sex with the seven year old and perform both oral and vaginal sex with the child. In conversations with a third undercover agent, who posed as a Tampa mother with two daughters, ages four and eleven, and who used the screenname "Tampamom," the defendant described how he wanted to have oral sex with the four year old and wanted to digitally penetrate her.

On January 28, 2004, the defendant, using a web camera, masturbated so that "Tampamom" could watch. The defendant also sent three graphic files of child pornography to "Tampamom" with instructions to show the images to her young daughter in order to prepare her daughter for sex. The three files of child pornography sent by the defendant using his computer went over the Yahoo! server which is located in California. Therefore, the child pornography images sent by the defendant traveled in interstate commerce.

On January 28, 2004, the defendant made plans to meet "Tampamom" and her four year old daughter, at the Old Navy store located at the West Shore Mall. The defendant went to the mall and was arrested. Post Miranda, the defendant admitted to sending the three images of child pornography via his computer and the Yahoo! server. Further, a search was conducted of the defendant's computer and he was found to possess numerous images of child pornography, which images he had also

Defendant's Initials _____    14

downloaded off of the Yahoo! server, which, as was stated previously, is located in California, and thus traveled in interstate commerce.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __7__ day of __Feb__, 2005

_____
EDWARD JONES
Defendant

PAUL I. PEREZ
United States Attorney

By: _____
AMANDA C. KAISER
Assistant United States Attorney

_____
FRANK W. ZAREMBA
Assistant Federal Public Defender
Attorney for Defendant

_____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes Section